Lance J. Kalik, Esq. (LK-4677)
RIKER DANZIG SCHERER HYLAND
 & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
lkalik@riker.com
Tel.: (973) 538-0800
Fax: (973) 538-1984

Attorneys for Defendant,
Scottsdale Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| G. MATTS HOSPITALITY, LLC t/a SANDS MOTEL, | CIVIL ACTION NO. |
| Plaintiff, | |
| vs. | |
| SCOTTSDALE INSURANCE COMPANY and JOHN DOES 1-100, (fictitious names) | **NOTICE OF REMOVAL** |
| Defendants. | **Removed From The Superior Court Of New Jersey, Law Division, Monmouth County** |

To:    Clerk
        United States District Court, District of New Jersey
        Clarkson S. Fisher Building & U.S. Courthouse
        402 East State Street   Trenton, NJ 08608

**PLEASE TAKE NOTICE** that Defendant Scottsdale Insurance Company

("Scottsdale") hereby removes the above captioned civil action, and all claims and causes of

action therein, from the Superior Court of New Jersey, Monmouth County, to the United States

District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

with full reservation of any and all of their rights, defenses, and objections, and states as follows:

## *PROCEDURAL HISTORY*

1.      On or about July 5, 2017, Plaintiff filed a civil action complaint against Scottsdale in the Superior Court of the State of New Jersey, Monmouth County, under docket no. L-2515-17 (the "Complaint").  The Complaint alleges:  (1) that Scottsdale issued a policy of insurance numbered CPS1605501 (the "Policy") to Plaintiff; (2) that on or about October 29, 2012, Plaintiff suffered a loss which was covered by the Policy; and (3) that Scottsdale failed to provide coverage for the loss as required by the Policy. Plaintiff's Complaint seeks an unspecified amount of damages, including consequential damages, as a result of Scottsdale's alleged failure to pay for the loss.

2.       On or about August 9, 2017, Scottsdale received notice that the Complaint had been filed against them.

3.      On or about August 9, 2017, Scottsdale actually received the Complaint which had been filed against them.

4.      Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as **Exhibit A**.  This document is the only pleading for which Scottsdale has received notice in this matter to date.  No process or other orders have been served on Scottsdale in this matter to date.

## *REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332*

5.      This action is removable because the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *A.  There is Complete Diversity of Citizenship between the Parties.*

6.      28 U.S.C. § 1332(a)(1) requires that an action founded on diversity jurisdiction be between citizens of different states.

7.      Upon information and belief, Plaintiff G. Matts Hospitality, LLC t/a Sands Motel is a New Jersey corporation with its principal place of business in New Jersey.

8.      Defendant Scottsdale is an Ohio corporation with its principal place of business in Arizona.

9.      Defendants John Does 1-100 are named under fictitious names according to the Complaint, and thus, under 28 U.S.C. § 1441(b)(1), the citizenship of such Defendants shall be disregarded.

10.     There are no other parties to this matter.  Thus, there is complete diversity in citizenship between Plaintiffs and Defendants, which satisfies 28 U.S.C. § 1332(a)(1).

## B.   The Amount-In-Controversy Requirement Is Satisfied.

11.     Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs."

12.     Generally, courts evaluate the amount of controversy by looking to the demand for relief set forth in the complaint.  Angus v. Shiley Inc., 989 F.2d 142, 145 (3rd Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."). Where, as here, a complaint is not specific as to the amount of damages sought, it is appropriate to examine information provided in the Notice of Removal.  Frederico v. Home Depot, 507 F.3d 188, 197 (3rd Cir. 2007) (" . . .to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court.").  In so doing, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Angus, 989 F.2d at 146.  Jurisdiction is proper under § 1332 unless it appears "to a legal certainty that the claim is really for less than the

jurisdictional amount [of $75,000]."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); Frederico, 507 F.3d at 199 (3rd Cir. 2007).

13. In the Complaint, Plaintiff seeks recovery under the Policy for damage allegedly sustained on or about October 29, 2012 when Super Storm Sandy impacted a motel (the "Loss") located at 1402 Boulevard, Seaside Heights, New Jersey 08751 (the "Premises").

14. Upon information and belief, prior to filing the Complaint, Plaintiff provided an estimate for damage to the Premises caused the Loss prepared by Datacom Services, Inc. totaling $263,333.93.

15. Upon information and belief, Plaintiff contends that the Policy provides coverage for the Loss of least the $263,333.93 in damages claimed.

16. Based on the foregoing, the potential damages at issue in this matter exceed the jurisdictional amount of $75,000.

### DEFENDANTS SATISFY THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1441 et seq.

17. Because this Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, the Complaint is removable pursuant to 28 U.S.C. § 1441.

18. Removal to the District of New Jersey, Trenton Vicinage, is proper because this Court embraces the county in which the Complaint is now pending.  28 U.S.C. § 1441(a).

19. Removal is also proper because none of the Defendants are citizens of New Jersey, and thus removal does not violate 28 U.S.C. § 1441(b) which precludes removal by a defendant of a forum state.

20. Removal is timely pursuant to 28 U.S.C. § 1446(b) in that this Notice is being filed within thirty (30) days of Scottsdale's notice of the Complaint.

21.     No previous Notice of Removal has been filed or application made to this Court for the relief sought herein.

22.     Scottsdale will promptly serve a copy of this Notice of Removal on Plaintiff's counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Monmouth County, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Scottsdale respectfully requests that the Complaint be removed from the Superior Court of New Jersey, Monmouth County, to the United States District Court for the District of New Jersey.

Respectfully submitted,


By:    /s/  Lance J. Kalik
      Lance J. Kalik (LK-4677)
      RIKER, DANZIG, SCHERER, HYLAND
      & PERRETTI LLP
      Attorneys for Defendant,
      Scottsdale Insurance Company


Dated:       September 6, 2017

4876806v1

# EXHIBIT A

**LAW OFFICES OF MAURO C. CASCI**
739 Leonardville Road
PO Box 90
Leonardo, NJ 07737
(732) 291-4200
mailbox@cascilaw.com
Attorneys for G. Matts Hospitality, LLC t/a Sands Motel
Our File No.: D5969

| | |
|---|---|
| G. MATTS HOSPITALITY, LLC t/a SANDS MOTEL, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: Monmouth County Docket # MON-L-2515-17 |
| Plaintiff, | |
| v. | Civil Action |
| SCOTTSDALE INSURANCE COMPANY and JOHN DOES 1-100, | **SUMMONS** |
| Defendants. | |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

**Scottsdale Insurance Company**

The plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file

and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

_____/s/ Michelle M. Smith_____
MICHELLE M. SMITH, Clerk of the Superior Court

DATED: August 3, 2017

Name of Defendant to be served:     Scottsdale Insurance Company
Address for Service:

2

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL - (609) 345-3444
LEGAL SERVICES - (609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL - (201) 488-0044
LEGAL SERVICES - (201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL - (609) 261-4862
LEGAL SERVICES - (609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden, NJ 08103
LAWYER REFERRAL  - (856) 964-4520
LEGAL SERVICES - (856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL - (609) 463-0313
LEGAL SERVICES - (609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad and Fayette Sts., PO Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL - (856) 692-6207
LEGAL SERVICES - (856) 451-0003

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL - (973) 622-6207
LEGAL SERVICES - (973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn:  Intake
First Fl., Court House
1 North Broad Street, PO Box 129
Woodbury, NJ 08096
LAWYER REFERRAL - (856) 848-4589
LEGAL SERVICES - (856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL - (201) 798-2727
LEGAL SERVICES - (201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL - (908) 735-2611
LEGAL SERVICES - (908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Court House
175 South Broad St., PO Box 8068
Trenton, NJ 08650
LAWYER REFERRAL - (609) 585-6200
LEGAL SERVICES - (609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Administration Building, Third Floor
1 Kennedy Square, PO Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL - (732) 828-0053
LEGAL SERVICES - (732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
71 Monument Park, PO Box 1269
Court House, East Wing
Freehold, NJ 07728-1269
LAWYER REFERRAL – (908) 431-5544
LEGAL SERVICES – (908) 866-0020

**MORRIS COUNTY**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., PO Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL - (973) 267-5882
LAWYER SERVICES - (973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL - (732) 240-3666
LEGAL SERVICES - (732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL - (973) 278-9223
LAWYER SERVICES - (973) 345-7171

**SALEM COUNTY**
Deputy Clerk of the Superior Court
92 Market Street, PO Box 18
Salem, NJ 08079
LAWYER REFERRAL - (856) 935-5628
LEGAL SERVICES - (856) 451-0003

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
PO Box 3000
Somerville, NJ 08876
LAWYER REFERRAL - (908) 685-2323
LEGAL SERVICES - (908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL - (973) 267-5882
LEGAL SERVICES – (973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
1st Floor Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL - (908) 353-4715
LEGAL SERVICES - (908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL - (973) 267-5882
LEGAL SERVICES - (973) 475-2010

4

**LAW OFFICES OF MAURO C. CASCI**
739 Leonardville Road
PO Box 90
Leonardo, NJ 07737
(732) 291-4200
mailbox@cascilaw.com
Attorneys for Plaintiff
Our File No.: D5869



G. MATTS HOSPITALITY, LLC t/a SANDS MOTEL,

Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY and JOHN DOES 1-100,

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: Monmouth County
Docket # MON-L-   2515-17

Civil Action

**COMPLAINT**

Plaintiff, having its principal place of business at 1402 Boulevard, Seaside Heights, New Jersey 08751 by way of Complaint against the Defendant says:

## FIRST COUNT

1.     On or about October 29, 2012, Plaintiff was insured under a Policy of Insurance Number CPS1605501 by the Scottsdale Insurance Company that actually does business in person in the County of Monmouth.

2.     On or about the aforesaid date, a loss covered by the policy of insurance issued by the Defendant occurred.

3.     A claim was submitted to the Defendant who refused to pay the covered claim.

4.     As a direct and proximate result of the breach of contract by the Defendant, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, interest, attorneys' fees, costs of suit and such other relief as the Court may deem just and proper.

## SECOND COUNT

1.    Plaintiff repeats, reiterates and incorporates by reference the allegations contained in Count One of the Complaint as if set forth at length herein.

2.    Without any fairly debatable reason, the Defendant Scottsdale has refused to pay the valid claims of the Plaintiff thereby causing consequential damages to the Plaintiff over and above the amounts actually covered under the policy of insurance issued by the Defendant.

3.    As a direct and proximate result of the actions of the Defendant, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Scottsdale Insurance Company for compensatory and consequential damages together with interest, attorneys' fees, interest, costs of suit and such other relief as the Court may deem just and proper.

## THIRD COUNT

1.    Plaintiff repeats, reiterates and incorporates by reference the allegations contained in Counts One and Two of the Complaint as if set forth at length herein.

2.    The John Doe Defendants, 1-100, who present identities are not know, are individuals, corporations, partnerships or other entities responsible for, and guilty of, the same acts as alleged against the named Defendant.

3.    As a direct and proximate result of the actions of these Defendants, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment against the John Doe Defendants 1-100 for compensatory and consequential damages together with attorneys' fees, interest, costs of suit and such other relief as the Court may deem just and proper.

2

## DEMAND FOR STATEMENTS

Pursuant to Rule 4:10-2(c), demand is hereby made for any statements taken by any representative of the Defendant(s) from any servant, agent, employee, or representative of this Plaintiff.

## DEMAND PURSUANT TO RULE 4:18-2

Pursuant to Rule 4:18-2, demand is hereby made for complete copies of any document(s) and/or paper(s) referenced in any pleadings filed or to be filed by the party upon whom this demand is made to be provided within five (5) days from the date of this demand.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

BY: _____
Mauro C. Casci, Esq.
LAW OFFICES OF MAURO C. CASCI

## CERTIFICATION OF NO OTHER ACTION PENDING

I certify, pursuant to R. 4:5-1(b)(2) that the matter in controversy is not the subject of any other action or arbitration proceeding, nor are contemplated, and that to the best of my knowledge and information, no other parties should be joined in this action.

BY: _____
Mauro C. Casci, Esq.
LAW OFFICES OF MAURO C. CASCI

DATED:   June 29, 2017

3

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Mauro C. Casci is hereby designated as trial counsel.

BY: _____

Mauro C. Casci, Esq.
LAW OFFICES OF MAURO C. CASCI
Attorneys for Plaintiff

## DEMAND FOR DOCUMENTS

PLEASE TAKE NOTICE that in accordance with the Rules of the Court of the State of New Jersey, you are hereby required to produce true and complete copies of the following documents at the Law Offices of Mauro C. Casci, Esq., 739 Leonardville Road, PO Box 90, Leonardo, NJ 07737 within thirty (30) days of receipt of this notice.

PLEASE TAKE FURTHER NOTICE that this is a continuing demand and refers to all documents in the possession of, available to or under the control of Defendants or anyone acting on behalf of the Defendants. This notice is deemed to be ongoing and continuous relating to any documents requested and that Defendants is/are to produce any such documents in the future as they are formulated, obtained by Defendants or anyone acting on behalf of Defendants or become otherwise available to Defendants.

"Defendant" means "Defendant" or "Defendants". "Plaintiff means "Plaintiff" or "Plaintiffs".

"Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, or any writing or record of any type of description, including, but not limited to, the original and any copy of any email, book, letter, memorandum, communication, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports or memoranda of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including inter-office or intra-office electronic, verbal or written communications), purchase order, bill of lading, questionnaire, survey  contract option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill including, but not limited to, telephone bills, check, vouchers, notebook, film, photograph, photographic negative, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure; any other data compilation from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, taped, filed or reduced to any type of temporary or permanent form, however produced or reproduced, to which Defendants have or have had access.

1.    A true and complete copy of the claims file maintained by the Defendants for the policy referenced in the Complaint including, but not limited to, all file notes, emails, computer notes, Daily Activity Sheets, data entries, inter-office of intra-office correspondence or any other document of any type maintained by the Defendant insurance company or available to the Defendant insurance company or any of its employees, servants, agents or representatives. This demand includes the claims, adjustment and investigation files of any independent adjuster or investigator retained by you in connection with the plaintiffs' claims.

1

2.       A true and complete copy of the Underwriting File of the Defendant pertaining or relating to the insurance policy referenced in the Complaint certified by the Underwriter in charge of the risk to be a true and complete copy of the Underwriting File maintained by the Defendant.  Please take note that included within this request is a demand for all emails, computer notes, log notes, file notes, correspondence or any other written communications of any type exchanged between any servant, agent, employee or representative of the Defendant and the insured pertaining to the coverages referenced in the Complaint or internally among the servants, agents, employees or representatives of the Defendant.  This request includes applications, inspections, rating sheets, bills, reports, notices or the like sent by the Defendant concerning the Plaintiffs either before or after the loss referred to in the Complaint. **THIS REQUEST ALSO INCLUDES A CERTIFIED COPY OF THE POLICY OF INSURANCE ISSUED BY THE DEFENDANT TO THE PLAINTIFFS COVERING THE PLAINTIFFS FOR THE YEAR, DATE OF LOSS OR POLICY PERIOD REFERENCED IN THE COMPLAINT.**

3.       A true and complete copy of the investigation file maintained by the Defendant, insurance company, its Special Investigation Unit or any other servant, agent, employee, representative, adjuster, independent adjuster, independent contractor, investigator or the like of the Defendant Insurance Company or any of its related entities pertaining or relating to the investigation of the claims of the Plaintiffs which form the subject matter of this litigation, including, but not limited to all emails, internal reports rendered by any such person or entity to the Defendant Insurance Company or its related entities pertaining or relating to the claims of the Plaintiffs, any Special Investigation Unit referrals contained within the defendants' claim files, all emails, computer notes, log entries, daily activity sheets or other documentation of any type pertaining or relating to the investigation of the claims submitted by the Plaintiffs, the cause of the loss in question and/or the investigation or consideration of the claims of the Plaintiffs.

4.       True and complete copies of any statements taken by any servants, agents, employees or other representatives of the Defendants or their related entities from any witness, the Plaintiffs or anyone else pertaining or relating to the subject matter of the litigation.

5.       True and complete copies of any reports, credit reports, or other documents which the Defendants have received or which are available to the Defendants pertaining or relating to the Plaintiffs obtained with, or without, the consent of the Plaintiffs.

6.       Copies of any and all inspection reports obtained by the Defendant at anytime pertaining or relating to the inspection of the property identified in the Complaint, whether such inspection reports were obtained before or after the loss referenced in the Complaint.

2

7.      Copies of any Claims Handling Procedure Manuals, directives or directions provided to the claims handler by the Defendant insurance company regarding the dealing with claims of the type referenced in the Complaint.  These include communications from the home office, supervisors, internal memoranda or any other document of any type which in anyway pertain or relate to the handling of the type of claims being asserted by the Plaintiffs in this litigation.

8.      The Claims Procedure Manual or any other instructions of any type provided to any claims personnel of the Defendants with the Special Investigation Unit of the Defendant, its subsidiaries or parent companies or related entities, pertaining or relating to the investigation of these types of claims in the State of New Jersey for the period January 1, 2005 through the present.

9.      Copies of any New Jersey Regulations provided by the Defendant insurance company or its representatives to the claims adjuster handling this claim concerning the handling of the type of claim referenced in the Complaint.

10.     If you contend that the policy was not in effect at the time of the loss, for any reason, copies of any documents which may support or sustain your position or are otherwise relevant thereto.

11.     Any fire, police or other governmental reports of any type from any local, county, state, federal or any other governmental agency pertaining or relating to the incident referenced in the Complaint.

12.     Copies of transcripts of any statement taken from the Plaintiffs or any other potential witness by Defendant or anyone acting on behalf of Defendant, regarding or pertaining to the claims referenced in the Complaint or Defendant's defenses to such claims, including but not limited to the transcripts of the Examinations(s) Under Oath taken from the Plaintiffs.

13.     Copies of any and all documents upon which the Defendant may rely upon at the time of trial to prove, support and/or substantiate the denial of any of the Plaintiffs' allegations contained in the Complaint with specific reference to each document as it relates to the denial of each specific allegation.

14.     Copies of any and all documents upon which the Defendant may rely upon at the time of trial to prove, support and/or substantiate any Separate Defenses asserted, or to be asserted by such defendant with specific reference to each document as it relates to each specific Separate Defense.

15.     A Privilege Log for any document withheld by the Defendant or any representative of Defendant on the basis of any Privilege.

16.     Copies of any and all lawsuits in which the Defendant Insurance Company has been a named party to in the last ten years including all pleadings, motions and case management orders.

17.     Transcripts of all depositions of the representatives of Defendant in each lawsuit.

18.     A complete copy of the Claims Files for each lawsuit.

19.     A complete copy of any discovery provided by Defendant Insurance Company to any party to the litigation.

20.     A complete copy of any discovery provided by any party to the litigation to Defendant Insurance Company.

21.     Any and all Complaints filed against the Defendant Insurance Company through the New Jersey Department of Insurance, New York Department of Insurance or any other agency in any state in which the Defendant Insurance Company conducts business.

22.     Copies of responses to the Complaints referenced in the previous demand.

23.     The names, addresses and social security numbers of any representative of Defendant Insurance Company who authorized the filing of the pleadings on behalf of the Defendant Insurance Company in this action.

24.     If Defendant Insurance Company did not authorize these pleadings, please state if you ratified the pleadings after they were filed by your agent in this litigation.

25.     The names, addresses and titles of all persons employed by Defendant Insurance Company in the claims department as of the date of loss set forth in the Complaint.

26.     The names, addresses and titles of all persons employed by Defendant Insurance Company in the claims department as of the date of the filing of the within Complaint.

27.     Copies of the fronts and backs of all settlement checks issued by Defendant Insurance Company to the Plaintiffs arising out of the incidents or claim(s) referred to in the Complaint.

28.     Copies of all notices sent by the Defendant Insurance Company to the Plaintiffs as required by NJAC 11:2-17.7(e).

By: _____

Mauro C. Casci, Esq.
LAW OFFICES OF MAURO C. CASCI

DATED:

## GENERAL INTERROGATORIES

1.  Set forth your full and complete name and address.  If you are a corporation, set forth the state in which you are incorporated, the date of your incorporation, all stockholders of the corporation including their percentage of ownership of stock, together with their names and addresses.  If you are a partnership, set forth the names and addresses of all partners together with their percentage of interest in the partnership.  If you are a limited liability corporation, attach a copy of the LLC incorporation paperwork.

2.  If you are an individual, set forth your full name, address, all other names you have been known by, your Social Security Number, date of birth and your marital status.

3.  State the date, time and place of the incident referred to in the Complaint and state the prevailing weather conditions at the time.

4.  Set forth the names and addresses of all persons with knowledge of relevant facts relating to the within action.  As to each person provide a synopsis of the facts and information of which they have knowledge.  Indicate as to each person listed in this interrogatory answer their relationship to you, business, social, or otherwise, including a brief factual statement as to the nature of that relationship.

5.  As to each person set forth in the preceding interrogatory, state how you became aware of the fact that that person had knowledge of the facts referred to in the preceding interrogatory.

6.  Annex hereto copies of any and all correspondence exchanged between you, your agents, servants, employees or representatives and any other party to this action, their agents, servants, employees and/or representatives.

    (a)   If any written statement, communication or report exists made by any person not a party to this lawsuit relating to the litigation, the facts of the litigation, or any of the allegations contained in the pleadings filed in the litigation, (a) identify the written statement, communication or report; (b) identify each person making such statement, communication or report; (c) provide a summary of the contents of each such statement, communication or report; and (d) identify each document relating to each such statement, communication or report.

    (b)   If any written statement, communication or report exists made by any person who is a party to the lawsuit relating to the litigation, the facts of the litigation, or any of the allegations contained in the pleadings filed in the litigation, (a) identify the written statement, communications or report; (b) identify each person making such

1

statement, communication or reports; (c) provide a summary of the contents of each such statement, communication or report; and (d) identify each document relating to each such statement, communication or report.

(c)     If any oral statement, communication or report has been made by any person not a party to the lawsuit relating to the litigation, the facts of the litigation, or any of the allegations contained in the  pleadings filed in the litigation, (a) identify the oral statement, communication or report; (b) identify each person making such statement, communication or report; (c) provide a summary of the contents of each such statement, communication or report; and (d) identify each document relating to each such statement, communication or report.

(d)     If any oral statement, communication or report has been made by any person who is a party to the lawsuit relating to the litigation, the facts of the litigation, or any of the allegations contained in the pleadings filed in the litigation, (a) identify the oral statement, communication or report; (b) identify each person making such statement communication or report; (c) provide a summary of the contents of each such statement, communication or report; and (d) identify each document relating to each such statement, communication or report.

7.  State whether or not any conversations took place between you, your agents, servants, employees or representatives, and any other party to this action, their agents, servants, employees and/or representatives.  If so, set forth as to each conversation, listing said conversations individually:

(a) the date of the conversation;
(b) the parties to the conversation;
(c) where the conversation took place;
(d) whether the conversation was telephonic or personal;
(e) all witnesses to the conversation;
(f) what was said by each party to the conversation; and
(g) annex hereto copies of any writing, memoranda or computer entry which memorializes or otherwise relates to the conversation.

8.  Do you contend that any party to the within action made an admission of any type?  If so state:

(a) the nature of the admission;
(b) the manner in which the admission was made;
(c) the person(s) making the admission;
(d) the person to whom the admission was made;
(e) all witnesses to the admission; and

    (f) annex hereto copies of any writings, memoranda or computer entries which memorialize or otherwise reflect said admission.

9.    If your claim or any defense in this matter is based upon a Lease, Contract, written agreement, oral agreement, or any other writing:

    (a) set forth and describe the agreement in detail, if agreement is written, attach a complete copy hereto;
    (b) state the date that the agreement was made;
    (c) set forth the parties who made the agreement;
    (d) set forth the names and addresses of any and all witnesses to the agreement;
    (e) if you contend that the agreement was ever modified, set forth the nature of the modifications, the date of the modifications, and the parties who agreed to modify same; and
    (f) if the agreement is oral, annex hereto copies of any writings or memoranda, which reflect the nature of the agreement.

10.    If you contend that this party or any other party failed to properly perform any contractual obligation, state:

    (a) the identity of the contract;
    (b) identify the specific contractual provision allegedly violated;
    (c) the date that the party answering this Interrogatory first discovered such purported contractual violation;
    (d) the alleged proximate result of each such contractual violation;
    (e) the date of such contractual violation;
    (f) any and all damages resulting from each such contractual violation; and
    (g) the date the party answering this Interrogatory first notified, if ever, the party propounding this Interrogatory that there was such a contractual violation and if in writing, identify same and attach a copy hereto.

11.    If you contend that any defendant is liable to another defendant on a legal theory other than negligence, set forth in detail each and every legal theory other than negligence which you allege applies and as to each and every theory, list the facts, not conclusions, on which you base the allegation(s).

12.    If you contend that the plaintiff was guilty of any act of negligence, set forth in detail all facts, not conclusions, on which you base the contention.

3

13.   Identify and state the name, age, address, occupation and place of employment of each person that you or anyone on your behalf has contacted for the purpose of obtaining any oral or written statement(s) or opinion(s) regarding the lawsuit. Please state as to each person contacted:

    (a)  subject matter about which person was contacted;

    (b)  identify all persons present at or during the contact;

    (c)  as fully and precise as possible, repeat the words and language used, the statement(s) or substance thereof;

    (d)  purpose, date, time and place of such statement(s);

    (e)  name, age, occupation and professional relationship to you of each person making such contact(s);

    (f)  name, age, occupation title, place of employment, business address, specialization and professional relationship to you of each person to whom such statement(s) were given;

    (g)  identify who has custody or control of said statement(s) and attach a copy to these interrogatories;

    (h)  identify any persons who corroborated said statement(s);

    (i)  identify any documents which corroborate said statement; and

    (j)  if you will not voluntarily submit anything requested, please set forth in detail the facts/legal basis for your refusal.

14.   Have you or any of your representatives given a statement to any person or entity with regard to the matter, which is the subject matter of this litigation? If so, state:

    (a)  when the statement was made;

    (b)  where the statement was made;

    (c)  from whom the statement was taken;

    (d)  whether such has been set down in writing;

    (e)  the date of the statement;

    (f)  whose handwriting it is in, if applicable;

    (g)  whose custody statement is now in;

    (h)  the name, address and job title of the person taking the statement;

    (i)  whether it is written or oral;

    (j)  the contents of the statement; and

    (k)  attach a copy of any such statement.

15.   State whether or not you have any insurance coverage which has or will indemnify you for the subject matter of the within lawsuit. If so, state whether or not you have made claim to that insurance company under the terms and conditions of that policy. If you have made a claim;

    (a)  annex a copy of the claim hereto;

    (b)  state whether or not you have provided a statement to the insurance company regarding the happening of the incident, if so annex a copy of the statement;

    (c)  set forth the name, address and claim number of your insurance company;

    (d)  annex a complete copy of the insurance policy including all declaration pages and any endorsements;

(e) if any persons are named as insureds on said policy other than you, set forth and identify said person;

(f) set forth the policy limits of said policy; and

(g) set forth whether you received a disclaimer of coverage or reservation of rights or signed non-waiver agreement from your insurance company, if so, attach a complete copy.

16.   Set forth as follows, with respect to any and all policies of insurance in effect at the time of the incident referred to in plaintiff's complaint:

(a) name and address of insurance carrier;

(b) policy number and effective dates of coverage; and

(c) attach a true copy of said policy with declaration pages and endorsements.

17.   Annex hereto copies of any and all Answers to Interrogatories, responses to Demands for Admissions, responses to Demands for Production of Documents, or responses to any other discovery provided by you to any other party in the within action.

18.   State whether or not depositions have been conducted in the within matter, if so, set forth the name and address of the person whose deposition was conducted, the date said deposition was conducted, and annex a copy of the deposition transcript.

19.   State whether or not you or anyone to your knowledge has caused a subpoena to issue as to any person or partnership, or corporation relating to the within action, if so, set forth the date the subpoena was issued, the nature of the subpoena, and all persons who received notice of said subpoena being served.  Attach copies of any documents obtained by each subpoena.

20.   If any expert retained by you in this matter based his opinion in whole or in part upon any interviews with any individuals, discussions with any individual, or reports received from any source, set forth;

(a) all persons with whom said discussions, interviews, or reports were received;

(b) the nature of the interviews and/or discussions;

(c) annex hereto copies of any written memoranda, notes, statements, or other memorialization of said reports, discussions or interviews; and

(d) annex hereto copies of reports received.

5

21.     State whether or not any expert retained by you in this matter made any notes, be they field notes or otherwise, prior or subsequent to rendering an opinion in this matter, if so, set forth in detail the nature of those notes and provide copies of the same.


22.     State whether or not any expert retained by you in this matter prepared a prior draft of any written report rendered, if so, indicate as to each expert the number of drafts prepared prior to the final draft being submitted , indicating the name of the person who prepared the draft and attach copies of all such prior drafts.


23.     Set forth the names and addresses of all proposed expert witnesses whom you expect to call or may call at trial, and as to each;

   (a) state the date of such expert(s) retained by you and his/her field of expertise;
   (b) set forth description of all locations, products or other material examined or tested by such expert(s) and the dates of such examinations;
   (c) state the substances of the facts and opinions to which the expert is expected to testify;
   (d) state a summary of the grounds for each opinion, including identification of all laws, rules, regulations, codes, standards, treatises or other published materials upon which such expert(s) will rely; and
   (e) attach true, exact and complete copies of all written reports whether preliminary or final, rendered to you or your agent or attorney by all proposed expert witnesses.


24.     As to each expert witness named by you, set forth within the meaning of Rule 4:10-2(d)(1) the subject matter on which they are expected to testify, the substance of the facts or opinions to which they are expected to testify and a summary of the grounds for each opinion.


25.     As to each expert named above, set forth:

   (a) his/her field of expertise, his education and professional background, his work history, his professional associations, the date of his retention, and the terms and conditions of his retention;
   (b) as to each such expert state any prior business or social relationship which may have existed between said expert and the party answering these Interrogatories;
   (c) as to each such expert, state whether said expert has rendered a verbal or written report or opinion concerning this matter regardless of whether the report is in writing;
   (d) as to each such expert who gave a verbal and/or written opinion or report, state the date of each such opinion/report, summarize all oral opinions or reports and indicate who was present when the report was given;

(e) if any such expert expresses in writing any opinion or report state, the dates thereof as to each expert and affix a copy of same hereto;

(f) as to each such expert, state the date of all written correspondence between the expert and the party answering these Interrogatories or its agent and affix copies hereto;

(g) as to each such expert, list all written materials and tangible things furnished to him by the party answering this Interrogatory or its representative;

(h) identify all information furnished verbally to each such expert, stating the date thereof and the identity of the individual furnishing the information and all persons who were present;

(i) as to each such expert, state whether the expert made any inspection and if so, identify what was inspected, in whose presence, and the date of each such inspection;

(j) as to each such expert, state whether he took any photos relevant to this action and if so, state the number of photos, when taken, in whose presence, and what was depicted;

(k) identify all standards, regulations or codes which each expert recognizes as applicable to the subject matter of his report;

(l) as to each such expert, state the number of times that he rendered a report for you or your attorney and the number of reports rendered;

(m) if any such expert has published any work, identify with particularity all published articles and works given as to each the full title of same;

(n) as to each such expert, state the text and/or works which he deems authoritative in field of his expertise;

(o) if any written or oral expert reports are submitted subsequent to the date of your answers to these Interrogatories, submit the written reports or summarize where applicable;

(p) as to each such expert, state whether he or she ever stated that he or she had insufficient data upon which to render an opinion in this case and if so, state when such a statement was made, to whom it was made, in whose presence it was made, precisely what was said and identify all information subsequently communicated to said expert; and

(q) state the total amount of money paid to each of your experts and state whether any amount is currently due and owing.

26.    If you have consulted with an expert whom you do not intend to utilize in the trial of this action, set forth that individual's name, address and field of expertise.

27.    If any photographs, sketches, charts or maps were made with respect to anything set forth in the Complaint, state:

(a) the date said photographs were taken or said charts, maps, or sketches were made;

(b) name and address of the person taking said photos or making said sketches, charts or maps;

(c) names and addresses of all persons present when said documents were made or taken;

(d) name and address of the person, firm or corporation who presently has possession of said photos or documents;

7

(e) set forth an itemized and detailed statement of what is depicted in said photographs, sketches, charts, or maps and annex a true photocopy hereto; and

(f) attach prints, not copies, of each such photograph.

28.     Have you received any money or anything of value for your injuries or claims of damages from any person, firm or corporation?  If so, state:

(a) the amount received;

(b) the dates you received them;

(c) the name and addresses of the payer; and

(d) the nature and purpose of each payment and attach copies of any agreement or settlement regarding each such payment.

29.     To the extent that you claim any type of privilege, attorney/client, work product, or otherwise, to the disclosure of any and all documents, including written or oral statements, or any other items in connection with this litigation, identify:

(a) the author of the document;

(b) the date of the document;

(c) the recipient of the document;

(d) the name and address of any and all individuals or parties who have received copies of this document;

(e) the reason this document was prepared;

(f) the present whereabouts of this document; and

(g) the facts and circumstances upon which you rely to support any claim of privilege or confidentiality.

30.     Identify each and every person who has provided information utilized in the preparation of any and all Interrogatory questions propounded by this party and for each such person:

(a) identify each interrogatory to which that person's information, contribution or participation relates; and

(b) describe the information provided by that person and/or the person's contribution or participation.

31.     Identify and provide the name and address of all persons who have knowledge of any facts relevant to the allegations of the various parties in pleadings of record or which are hereafter filed in this action:

8

(a) as to each person, state generally the substance of the person's knowledge; and if at all, what they may be expected to testify concerning and the context thereof;

(b) as to each person, set forth the name and address of his/her employer at the time he/she obtained the knowledge of such relevant facts, and with respect to each such employment, set forth the position and job title held by each such individual, the time period of each such position, and if the person is no longer so employed, the date of and reason for such termination of employment;

(c) as to each person, identified in answering this Interrogatory, state whether you have in your possession a written or recorded statement from said person and, if so, identify same, state the substance thereof and attach hereto a copy of all such statements; and

(d) as to each such person, identify this relationship to you , business, social or otherwise.

32.     Set forth in detail all facts known to you which any defendant in this matter may base or substantiate any of the separate defenses raised by a defendant listing said facts as to each separate defense individually raised by each defendant.

33.     List below, the precise factual basis for the assertion by you, if any, that this party is liable to you or another party to this action and:

(a) as to each such factual allegation set forth above, identify the individuals who have personal knowledge thereof;

(b) as to each such factual allegation set forth above, identify any writing or document tending to support such facts or pertaining or relating thereto, and attach a copy hereto; and

(c) attach hereto a copy of all writings referred to in answering this Interrogatory.

34.     List below, the precise factual basis for the assertion by you, if any, that any other party is liable to you or some other party in this action and:

(a) as to each such factual allegation set forth above, identify the individuals who have personal knowledge thereof;

(b) as to each such factual allegation set forth above, identify any writing or document tending to support such facts or pertaining or relating thereto, and attach a copy hereto; and

(c) attach a copy of all documents or writings referred to in answering this Interrogatory.

35.     List below, the precise factual basis for any assertion or claim by you, if any, that you are not liable for this action:

(a) as to each such factual allegation set forth above, identify the persons who have personal knowledge thereof;

(b) as to each such factual allegation set forth above, identify any writing or document tending to support such facts or relating or pertaining thereto, and attach a copy hereto; and

(c) attach hereto a copy of all documents or writings referred to in answering this Interrogatory.

36.     List below, all expresses, representations and statements made by this party to you concerning the subject matter of the within litigation and, as to each such representation and statement, state when it was made, by whom it was made, and to whom it was made:

    (a) if such representation or statement was in writing, identify the writing and attach a copy.

37.     List below, all express representations and statements made by you to any party other than this party (identifying the party) concerning the subject matter of the litigation and as to each such representation and statement, state when it was made, by whom it was made, and to whom it was made;

    (a) if such representation and statement was in writing, identify the writing and attach a copy.

38.     Set forth whether any of your personnel maintained diaries or journals which reflect observations of the work being performed in connection with this matter.

    (a) if so, identify each such individual, their job title, the period of time when they made such diary or journal entries, present address and phone numbers; and

    (b) attach hereto a copy of all such diary and journal entries which pertain to this subject matter.

39.     Subsequent to the incident(s) set forth in plaintiff's Complaint and any such incident(s) which may form the subject matter of the within lawsuit, have you or anyone on your behalf directed or authorized an inspection, test or examination of anything or any person in any way relating to this lawsuit?  If so, please state in detail for each examination or inspection:

    (a) subject matter of said examination or inspection;

(b) the procedure of the examination and the results;
(c) time, place and surrounding circumstances;
(d) identify all persons present;
(e) name, age, occupation, title, business, address, specialization, and professional relationship to you of the person(s) conducting each examination or inspection;
(f) identify any reports, memoranda, notes, documents or conversations between such person(s) and you, your agents, servants or employees regarding the examination or inspection;
(g) the present location and custodian of any reports, memoranda, notes or transcriptions of communications;
(h) produce the documents or a synopsis thereof for examination;
(i) identify any person(s) who substantiate the findings;
(j) identify any document which substantiates the findings; and
(k) if you will not voluntarily supply anything requested, set forth in detail the factual/legal basis for your refusal.

40.    Identify each person other than counsel with whom you have discussed this litigation or any of the allegations contained in any of the pleadings filed in this litigation and/or each,

(a) state the date of the discussion;
(b) detail the contents of the discussion;
(c) identify each document relating to the discussion; and
(d) if you discussed this litigation with counsel identify anyone else present during your discussion.

41.    State whether you intend to rely on prior statements by any person which are, in your view, inconsistent or which contradicts the position presently advanced by said party.  If so, attach copies of each such prior statement.

42.    Set forth and itemize your claim for compensatory damages and attach all documents that support your claim for compensatory damages or any other damages of any type.

11

Our File No.: D5969

## **CERTIFICATION**

I hereby certify that the foregoing answers to interrogatories made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

I hereby certify that the copies of the written reports or complete summaries of any oral reports of treating physicians or expert witnesses, annexed hereto, are exact copies of the entire written report or reports or complete summaries of any oral report or reports rendered by them, that the existence of other reports of treating physicians or expert witnesses, either written or oral, are unknown to me; and that if such reports become later known or available, I shall serve them promptly upon the propounding party, but in no case later than the time prescribed by the Court Rules.

DATED: _____                    _____

                                                          Please sign on line and print below line

12

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS)<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|



| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Mauro C. Casci, Esq. - #003511978 | TELEPHONE NUMBER<br>(732) 291-4200 | COUNTY OF VENUE<br>Monmouth |
|---|---|---|
| FIRM NAME (if applicable)<br>LAW OFFICES OF MAURO C. CASCI | | DOCKET NUMBER (when available)<br>MON-L- |
| OFFICE ADDRESS<br>739 Leonardville Road, PO Box 90<br>Leonardo, NJ 07737 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Plaintiff | CAPTION<br><br>G. Matts Hospitality, LLC t/a Sands Hotel v. Scottsdale Ins. Co. etal. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>599 | HURRICANE SANDY RELATED?<br>■ YES ☐ No | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ YES ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>Scottsdale Insurance Company   ☐ NONE ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
288 PRUDENTIAL TORT LITIGATION
289 REGLAN

290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**