NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| G. MATTS HOSPITALITY, LLC, t/a SANDS MOTEL, | : : : : | Civil Action No. 17-6826-BRM-DEA |
| Plaintiff, | : : | |
| v. | : : | **OPINION** |
| SCOTTSDALE INSURANCE COMPANY and JOHN DOES 1-100, | : : : | |
| Defendants. | : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Scottsdale Insurance Company's ("Scottsdale Insurance") Motion to Dismiss (ECF No. 5), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff G. Matts Hospitality, LLC ("G. Matts") opposes the Motion. (ECF No. 8.) Pursuant to Federal Rule of Civil Procedure 78(a), the Court heard oral argument on December 11, 2017. (ECF No. 13.) For the reasons set forth below, Scottsdale Insurance's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

For the purpose of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original).

On October 29, 2012, G. Matts was insured under a Scottsdale Commercial Lines Policy ("Commercial Policy"), number CPS1605501, from June 20, 2012, through June 20, 2013.

(Compl. (ECF No. 1, Ex. A) ¶ 1 and *see* Commercial Policy (ECF No. 5-5).) The Commercial

Policy includes an endorsement entitled Commercial Property Conditions, which contains the

following:

### D. LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part
unless:

1. There has been full compliance with all of the terms of this
   Coverage Part; and

2. The action is brought within 2 years after the date on which the
   direct physical loss or damage occurred.

(ECF No. 5-5 at SIC 00044.) "On or about the aforesaid date, a loss covered by the policy of

insurance issued by [Scottsdale Insurance] occurred." (*Id.* ¶ 2.) G. Matts submitted a claim to

Scottsdale, who "refused to pay the covered claim." (*Id.* ¶ 3.)

On July 5, 2017, G. Matts filed a Complaint in the Superior Court of New Jersey,

Monmouth County, alleging breach of contract and consequential damages resulting from the

breach of contract. (ECF No. 1, Ex. A.) On September 6, 2017, Scottsdale Insurance filed a Notice

of Removal to this Court. (Not. of Removal (ECF No. 1).) On September 27, 2017, Scottsdale

Insurance filed a Motion to Dismiss. (ECF No. 5.) G. Matts opposes the Motion. (ECF No. 8.)

## II.    LEGAL STANDARDS

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

district court is "required to accept as true all factual allegations in the complaint and draw all

inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at

228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."

*Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to

one for summary judgment pursuant under Rule 56].” *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any “document integral to or explicitly relied upon in the complaint.” *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

### III.   DECISION

Scottsdale Insurance argues G. Matts’s action is untimely and barred by the “Legal Action Against Us” provision in the Commercial Policy. (ECF No. 5-1 at 4.) Specifically, Scottsdale Insurance argues G. Matts had less than two years from July 11, 2013, the date Scottsdale Insurance informed G. Matts that coverage was denied, to file this action, but instead waited almost four years to file. (*Id.* at 4.) G. Matts argues the action is not untimely or barred because the statute of limitations was tolled from Scottsdale Insurance’s February 22, 2017 letter disclaiming coverage, not the July 11, 2013 letter. (ECF No. 8.)

The parties agree the applicable limitations period is two years according to the Commercial Policy. (*See* ECF No. 8 and ECF No. 9 at 2.) In addition, the parties agree *Peloso v. Hartford Fire Ins. Co.*, 267 A.2d 498 (N.J. 1970) sets forth the standards for determining whether a policyholder’s lawsuit is barred by the suit limitations provision in a policy. In *Peloso*, the New Jersey Supreme Court held a statute of limitation provision runs from the date of the casualty, but is tolled from the time “an insured gives notice until liability is fully declined.” *Id.* at 501. G. Matts and Scottsdale Insurance also agree the “casualty” occurred on October 29, 2012, and that G. Matts provided Scottsdale Insurance with “notice” on November 15, 2012. (ECF No. 1 ¶¶ 1-2; ECF No. 5-1 at 7; and ECF No. 8 at 1.) Therefore, the parties only disagree as to when liability was fully declined and the time for which the statute of limitations was tolled.

The Complaint does not explicitly reference when Scottsdale Insurance denied coverage, but instead states merely that "[a] claim was submitted to the Defendant who refused to pay the covered claim." (ECF No. 1, Ex. A ¶ 3.) However, Scottsdale Insurance maintains the statute of limitations began to run on October 29, 2012, and was tolled until July 11, 2013, the day it alleges Scottsdale made its final coverage determination. (ECF No. 5-1 at 7.) For support, Scottsdale Insurance attaches several documents to its Motion to Dismiss, including, in relevant part: (1) the July 11, 2013 Scottsdale Insurance letter, where Scottsdale Insurance alleges it informed G. Matts coverage was denied; and (2) the Commercial Policy. (*See* ECF No. 5-3; ECF No. 5-4; and ECF No. 5-5.) Scottsdale Insurance argues these documents should be considered at the motion to dismiss stage because they are integral to the Complaint. (ECF No. 5-1 at 4, 6-7.) Specifically, Scottsdale Insurance contends:

> The Complaint makes specific reference to the [Commercial] Policy and further specifically alleges that "a claim was submitted to [Scottsdale Insurance] who refused to pay the covered claim." Thus, the Complaint clearly relies on Scottsdale[ Insurance]'s July 11, 2013 letter to its insured, providing a detailed and clear statement of the damages the [Commercial] Policy provided for, as well as denying coverage for additional damage, and it is therefore appropriate to consider the letter as part of this motion to dismiss. Although neither the [Commercial] Policy nor the July 11, 2013 correspondence are attached by G. Matts to the Complaint, these two documents are referred to an integral to the Complaint, and demonstrate that G. Matts' Complaint is untimely.

(*Id.* at 6-7.)

In response to Scottsdale Insurance's Motion, G. Matts argues the statute of limitations was tolled until February 22, 2017, the day it believes Scottsdale Insurance made its final coverage determination. (ECF No. 8 at 7-8.) For support, G. Matts also attaches several documents to its opposition, not attached to its Complaint, including the February 22, 2017 letter from Scottsdale Insurance, allegedly disclaiming coverage. (ECF No. 8 at 7 and ECF No. 8-1.)

Generally, "the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *see Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). However, a limitations defense may be raised by a motion under Rule 12(b)(6) "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt*, 770 F.3d at 249 (citations omitted). But, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson*, 313 F.3d at 135 (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)). "To be cognizable in a Rule 12(b)(6) motion, in other words, the adjudication of the statute of limitations issue cannot depend on matters outside the pleadings." *Smith v. Am. Fed'n of State, Cty., & Mun. Employees*, AFL-CIO Dist. Council 71, No. 17-1034, 2017 WL 2964796, at *5 (D.N.J. July 12, 2017).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); s*ee also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (citations omitted). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Id.* (citation omitted). "[W]hat is critical is whether the

claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Id.*

The Court will not consider any extraneous documents other than the Commercial Policy for the purposes of this Motion. The Court is guided by the long-established principle that "[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pens. Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Commercial Policy is undoubtedly integral to and explicitly relied upon in the Complaint. Indeed, G. Matts not only references the policy number in paragraph one of the Complaint, but the Commercial Policy is the basis of G. Matts's Complaint. (ECF No. 1, Ex. A ¶ 1.) Contrarily, the Court will not and cannot consider the July 11, 2013 or February 22, 2017 letters as integral to or explicitly relied upon in the Complaint because it is not clear which letter G. Matts relied upon in drafting paragraph three of the Complaint. (*See* ECF No. 1, Ex. A ¶ 3.) Indeed, G. Matts argues it relied on the February 22, 2017 letter, while Scottsdale insurance infers G. Matts relied on the July 11, 2013 letter. (ECF No. 5-1 at 4-7; ECF No. 8 at 4; and ECF No. 13.) The Court cannot state with certainty that G. Matts' Complaint was "based" on either of those letters, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 ("[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited."), and the Court must "construe the complaint in the light most favorable to" G. Matts. *Phillips*, 515 F.3d at 231.[1]

---

[1] At Oral Argument, Scottsdale Insurance jumped into a merits analysis as to why the July 11, 2013 letter requires this Court to dismiss this action. (ECF No. 13.) Specifically, Scottsdale Insurance argued it issued an unambiguous denial in July of 2013, more than two years passed, and therefore G. Matts' Complaint is time barred. (*Id.* at 2:5-8.) Scottsdale Insurance contended G. Matts promotes two arguments: (1) that the language in Scottsdale Insurance's July 11, 2013

Accordingly, the Court finds the Complaint does not satisfy the exception which would permit disposition by a 12(b)(6) motion based on a limitations defense, for there are no time limitations alleged on the face of the Complaint that bar G. Matts allegations. *See Schmidt*, 770 F.3d at 249; *see Robinson v. Johnson*, 313 F.3d at 134-35; *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978). Therefore, the Court cannot dismiss G. Matts's claims on a Rule 12(b)(6) motion. Scottsdale Insurance's Motion is **DENIED**.

**IV.   CONCLUSION**

For the reasons set forth above, Scottsdale Insurance's Motion to Dismiss is **DENIED**.

Date: December 15, 2017                                            */s/ Brian R. Martinotti*_____
                                                                          **HON. BRIAN R. MARTINOTTI**
                                                                          **UNITED STATES DISTRICT JUDGE**

---

letter was ambiguous with respect to whether Scottsdale was actually denying the claim; and (2) that after the supposed two year statute limitation expired, G. Matts provided Scottsdale with more information regarding the same claim and Scottsdale Insurance reviewed the information and denied it again. (*Id.* at 2, 4.) Scottsdale Insurance responded by stating the July 11, 2013 letter's "generic language," at the bottom of the letter, was "good practice" and does not create ambiguity. (*Id.* at 2-3.) Lastly, it argued the February 22, 2017 letter it sent was simply a follow up to G. Matts' submission with more information. (*Id.* at 4-5.) The Court also asked counsel to provide it with a scenario under which the stock language in the July 11, 2013 letter would not be considered a denial. (*Id.* at 5.) Scottsdale Insurance responded by stating, "there's often times in the adjustment of property claims where the carrier will say, look, if your proof of loss doesn't bring this claim within the scope of the policy, tell you public adjuster to gather more information and send it to us. You know, we'll continue to adjust this claim." (*Id.* at 5:15-21.) These arguments are clearly merits analyses, which are not appropriate at this stage of the litigation.